IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. **CODY RAYMOND HANSON and DANIELLE LEONA DYE, Defendants.** | CR 20-72-BLG-SPW <br><br> PRELIMINARY ORDER OF FORFEITURE |

WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned person, pursuant to 21 U.S.C. § 853, as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violations;

AND WHEREAS, on January 28, 2021, defendant Hanson entered a plea of guilty to count II of the Indictment, which charged him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

AND WHEREAS, on April 15, 2021, defendant Dye entered a plea of guilty to count II of the Indictment, which charged her with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

1

AND WHEREAS, the indictment contained a forfeiture allegation that stated that as a result of the offenses charged in the indictment, the defendants shall forfeit the following property:

- $11,061.25 in United States currency;
- $420.00 in United States currency;
- $11,720.00 in United States currency;
- $2,550.00 in United States currency;
- Diamondback Firearms DB15, 5.56 Caliber Rifle (SN: DB203648);
- Rossi Firearms R223HB .223 Caliber Rifle (SN: AS006418);
- Davis Industries DM-22 .22 Caliber Handgun (SN:025390) with attached Holosun Optic;
- Springfield Armory Saint Victor, 5.56 Caliber Rifle (SN: BT20369)
- Black Rain Ordnance Spec 15 Multi-Caliber Rifle (SN: SM002198);
- Remington Camo 870 12 Gauge Shotgun (SN: AB754318A);
- High Standard Sport-King .22 Caliber Rifle (SN: NONE);
- Savage Arms 110E 30-06 Caliber Rifle (SN: E249676) with attached Scope and sling;
- Remington 870 Express 12 Gauge Shotgun (SN: AB330589A);
- Husqrvana .243 Caliber Rifle (SN: 276048);
- Remington 870 Express Super Magnum 12 Gauge Shotgun (SN: RS150394);
- Anderson Manufacturing AM-15 Multi Caliber Rifle (SN: 16347437);
- Savage Arms Mark II (SN: 351747);
- Springfield Armory Saint Multi Caliber (SN: ST212529);
- Taurus Model 44, .44 Caliber Revolver (SN: FX693110);
- Ruger 10/22 Caliber Rifle (SN: 141126);
- Derya Arms VR80 12 Gauge Shotgun (SN: R055282);
- Ruger AR 5.56 Caliber Rifle (SN: 8563068);
- Miscellaneous Firearm Cases and one Firearm holster;

- Miscellaneous ammunition;
- Sig-Sauer P250-22, .22 Caliber Handgun (SN: 57C017689) with magazine;
- Savge Arms Axis Rifle, .22-250 Caliber (SN: J02005) with attached scope, bipod, and magazine;
- Ruger Mark IV Lite, 22/45, .22 Caliber Handgun (SN: 500162420) with Vortex Optic and 2 magazines;
- Ruger Mark IV Lite 22/45, .22 Caliber Handgun (SN: 500141119) with Crossfire Optic and two magazines;
- Weatherby Vanguard .270 Caliber Rifle (SN: VS36608) with Nikon scope;
- Ruger 10/22, .22 Caliber Rifle (SN: 236-55185) with Bushnell scope and stock;
- Heritage Manufacturing Rough Rider (SN: L44479);
- Ruger 22/45 Mark III (SN: 222-51711);
- Savage Arms 93R17, .17 Caliber (SN: 099869);
- Sig-Sauer Mosquito, .22 Caliber Handgun (SN: F281304) with magazine; and
- Smith and Wesson 22A, .22 Caliber Handgun (SN: UDA7345).

AND WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the property, pursuant to 21 U.S.C. § 841(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

ACCORDINGLY, IT IS ORDERED:

1. That based upon the plea of guilty by the defendant to the indictment, the United States is authorized and ordered to seize the property described above. This property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of to 21 U.S.C. § 853(n)(1).

2. That the aforementioned forfeited property is to be held by the United States in its secure custody and control.

3. That, pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

4. That upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 16th day of July, 2021.

SUSAN P. WATTERS
United States District Judge